IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JOSHUA R. ABBOTT**, | **JUDGE McFARLAND** |
| Plaintiff, | CASE NO.: 1:22-cv-00071 |
| vs. | |
| | **PLAINTIFF'S FIRST AMENDED** |
| **NORFOLK SOUTHERN** | **COMPLAINT AND JURY DEMAND** |
| **RAILWAY COMPANY, INC.** | |
| **a foreign corporation,** | |
| Defendant. | |

COMES NOW, Plaintiff, Joshua R. Abbott, by and through Counsel, and brings this action against the Defendant, Norfolk Southern Railway Company, Inc., (hereinafter referred to as"NS") and alleges as follows:

1. This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. At all times material hereto, the Defendant, NS, was a railroad company owned and operated as a common carrier engaged in interstate commerce which was doing business in the State of Ohio, and the Plaintiff was an employee of said railroad and was working within the course and scope of his employment and in furtherance of interstate commerce.

3. This action is brought pursuant to the provisions of the Federal Employers' Liability Act (FELA), 45 U.S.C. §51, and venue is proper in this Court pursuant to 28 U.S.C. §1391. The amount in controversy, exclusive of interest and costs, is in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## GENERAL ALLEGATIONS

4. On or about July 19, 2021, Plaintiff was in the employ of Defendant as a Conductor in NS' Portsmouth Yard, Portsmouth, Ohio, and while performing his assigned duties, within the course and scope of his employment, he sustained injuries and damages as hereinafter alleged when the horizontal end handhold he was holding onto, situated on hopper railcar "NS 390696," broke and otherwise became unsecured causing him to lose his balance and in a maximum effort to avoid falling off the car he was caused to violently twist, jerk and strike his body against the subject railcar.

5. At all times material hereto, the subject hopper railcar was in use and on-line at the time and place of the alleged incident.

## COUNT I

## DEFENDANT'S NEGLIGENCE UNDER FELA

6. Plaintiff hereby realleges and incorporates by reference as if fully rewritten herein paragraphs 1-5 above and further states as follows:

7. At the time and place described above, Defendant, its agents, its officers, and/or employees were guilty of one or more of the following negligent acts or negligent omissions which caused or contributed to the cause of the Plaintiff's injuries and damages which acts and omissions are set out herein by way of illustration and not limitation:

   (a) In negligently failing to furnish the Plaintiff with a reasonably safe place to work; and/or

   (b) In negligently failing to adequately inspect, maintain and keep in good repair the subject hopper railcar including its horizontal end handhold more specifically identified above; and/or

   (c) In negligently failing to discover the defective and/ unsecured condition of the said horizontal end handhold and thereafter warn Plaintiff of the existence of such condition; and/or

    (d)    In negligently failing to furnish Plaintiff with adequate and competent supervision.

8. As a result of the aforesaid negligent acts and/or negligent omissions of the Defendant as described above, the Plaintiff, Joshua R. Abbott, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, Joshua R. Abbott, prays for judgment against the Defendant, Norfolk Southern Railway Company, Inc., for compensatory damages in excess of Seventy-five Thousand Dollars ($75,000.00) plus interest and costs of this action and for such other and further relief as the Court may deem just and proper. Plaintiff also demands a trial by jury of all issues so triable as of right by a jury.

## COUNT II

**DEFENDANT'S STRICT LIABILITY FOR VIOLATION OF THE FEDERAL SAFETY APPLIANCE ACT AND FRA MANDATORY CAR SAFETY STANDARDS**

9. Plaintiff hereby realleges, reaffirms and incorporates by reference as if fully rewritten herein paragraphs 1-8 above and further states that:

10. At all times material hereto, Defendant was required to comply with the mandatory provisions of the Federal Safety Appliance Act (FSAA), 49 U.S.C. § §20302(a)(2), which provides, in pertinent part, that a railroad carrier may not use or allow to be used on any of its railroad lines a vehicle (i.e., railcar) that is not equipped with secure handholds.

11. At the time and place of the alleged incident, the subject horizontal end handhold on hopper railcar NS 390696 broke and therefore was not secure in violation of the Federal

Safety Appliance Act, 49 U.S.C. §20302 (a)(2).

12. At the time and place of the alleged incident, Defendant was mandated to comply with FRA Safety Appliance Standards, 49 C.F.R. §231.1 (i)(4), 49 C.F.R. §231.2 (f), 49 C.F.R. §231.27 (f)(4) and 49 C.F.R. §231.27 (g)(4), all of which required that the horizontal **end** handhold on hopper railcar NS 390696 be securely fastened.

13. At all times material hereto, Defendant was in violation of 49 C.F.R.§231.1 (i)(4), 49 C.F.R. §231.2 (f), 49 C.F.R. §231.27 (f)(4) and 49 C.F.R. §231).27 (g)(4) in that the horizontal end handhold on hopper railcar NS 390696, which Plaintiff was holding onto at the time and place of his alleged incident, broke and therefore was not securely fastened as required by the above cited FRA regulation**s**.

14. As a result of the aforesaid FRA violations by Defendant of one or more of the above cited regulations Plaintiff, JOSHUA R. ABBOTT, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, Joshua R. Abbott, demands judgment against the Defendant, Norfolk Southern Railway Company, Inc., for compensatory damages in excess of Seventy-five Thousand Dollars ($75,000.00) plus interest and costs of this action and for such other and further relief as the Court may deem just and proper. Plaintiff also demands a trial by jury of all issues so triable as of right by a jury.

Respectfully submitted,

*/s/ D. Arthur Rabourn*
D. Arthur Rabourn (0008898)
D. Arthur Rabourn, LLC
312 Walnut Street, Suite 2520
Cincinnati, Ohio 45202
Phone: (513) 341-8971
Fax: (513) 348-1899
E-mail: arabourn@rabournlaw.com
**TRIAL COUNSEL FOR PLAINTIFF**

and

Howard A. Spier, (Admitted Pro Hac Vice)
Stephen Asher Ostrow (Admitted Pro Hac Vice)
Rossman, Baumberger, Reboso & Spier, P.A.
9155 S. Dadeland Blvd., Suite 1200
Miami, Florida 33156
Phone: (305) 373-0708
Fax: (305) 577-4370
E-mail: Spier@rbrlaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true, fair and accurate copy of the foregoing Plaintiff's First Amended Complaint and Jury Demand was served upon all Counsel of Record via electronic transmittal this 26th day of February, 2023.

*/s/ D. Arthur Rabourn*
**TRIAL COUNSEL FOR PLAINTIFF**