**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **JOSHUA R. ABBOTT,** | **CASE NO. 1:22-cv-00071** |
| **Plaintiff** | **Judge: McFarland** |
| **v.** | |
| **NORFOLK SOUTHERN RAILWAY COMPANY** | **ANSWER OF DEFENDANT, NORFOLK SOUTHERN RAILWAY COMPANY TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| **Defendant** | |

Now comes Defendant, Norfolk Southern Railway Company, by and through counsel, and for its Answer to Plaintiff's First Amended Complaint herein, states as follows:

<u>FIRST DEFENSE</u>

1.     The Complaint fails to state a claim against it upon which relief can be granted.

<u>SECOND DEFENSE</u>

2.     No act or omission of it was a cause of Plaintiff's injuries and damages, if any.

<u>THIRD DEFENSE</u>

3.     Plaintiff's claims for damages are barred or proportionately reduced by Plaintiff's own contributory negligence, which negligence, if not a total bar to any recovery to which Plaintiff may be entitled herein, proportionately reduces any such recovery.

<u>FOURTH DEFENSE</u>

4.     Plaintiff's own actions are the sole cause of the incident of which he complains.

## FIFTH DEFENSE

5.      All, or part, of Plaintiff's claims herein are barred by the doctrines of Federal preemption and/or preclusion

## SIXTH DEFENSE

6.      Plaintiff's injuries and damages, if any, were caused or contributed to by other independent, unforeseeable, intervening and superseding causes for which this answering Defendant is not liable.

## SEVENTH DEFENSE

7.      Plaintiff's Complaint, in whole or in part, is barred by the applicable statute of limitations.

## EIGHTH DEFENSE

8.      Any damages to which Plaintiff may ultimately be entitled to recover from Defendant may possibly be limited in scope by the provisions of the Federal Employer's Liability Act, and said recovery may be limited as to those damages specifically enunciated therein.   Accordingly, in the event said Act is applicable, all sections of Plaintiff's Complaint seeking damages other than those provided for in the Federal Employer's Liability Act fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed.   Alternatively, all sections of Plaintiff's Complaint should be stricken.

## NINTH DEFENSE

9.      All, or part, of Plaintiff's alleged injuries and damages were caused by pre-existing conditions or other contributing or concurrent conditions or factors, including

events prior to, or subsequent to the occurrence, that form the basis of Plaintiff's claims against Defendant

## TENTH DEFENSE

10.    While denying any liability whatsoever to Plaintiff, on any grounds, Defendant believes and therefore avers that it would nevertheless be entitled to a set-off, against any claim asserted by Plaintiff, of such sums which have been paid or funded by Defendant on behalf of Plaintiff, including, but not limited to, all amounts Defendant contributed to the Railroad Retirement Board for any and all sickness and/or disability or other benefits enuring in favor of Plaintiff.

## ELEVENTH DEFENSE

11.    Defendant asserts the right and obligation to withhold and pay directly to the Railroad Retirement Board from any judgment herein, if any, of Railroad Retirement Taxes and Medicare Taxes required to be withheld by Defendant, as well as any other liens or paybacks which Defendant may be required to withhold and pay back from any judgment herein.

## TWELFTH DEFENSE

12.    The injuries or damages of which Plaintiff complains were not the result of any breach of any duty owed Plaintiff on the part of Defendant.

## THIRTEENTH DEFENSE

13.    The incident of which Plaintiff complains was unforeseeable.

## FOURTEENTH DEFENSE

14.    Plaintiff's claims are barred or in part reduced by Plaintiff's failure to mitigate his damages.

## FIFTEENTH DEFENSE

15.     Defendant reserves the right to amend its Answer to the Complaint herein should the need thereof arise and, further, incorporates herein by reference as if fully rewritten each and every affirmative defense available to it pursuant to the Ohio Rules of Civil Procedure.

## SIXTEENTH DEFENSE

16.     Paragraph 1 of the Complaint states a legal conclusion and is, therefore, denied for want of knowledge.

17.     So much of Paragraph 2 of the Complaint as alleges that this Defendant was a railroad company engaged in interstate commerce and did business in the State of Ohio is admitted; so much of said Paragraph as alleges that Plaintiff was an employee of Defendant from time to time is admitted; the balance of said Paragraph is denied.

18.     Paragraph 3 of the Complaint states a legal conclusion and is, therefore, denied for want of knowledge.

19.     So much of Paragraph 4 of the Complaint as alleges Plaintiff claims to have been injured on or about July 19, 2021 is admitted; but it is denied that the incident in question occurred as stated in said Complaint and it is denied that Plaintiff suffered injuries and damages as a result of the incident set forth in the Complaint.

20.     Paragraph 5 of the Complaint is denied.

21.     Paragraph 6, and all sub-parts thereof, are denied.

22.     Paragraph 7 of the Complaint is denied.

23.     So much of Paragraph 8 of the Complaint as alleges, or attempts to allege legal conclusions is denied for want of knowledge; to the extent said Paragraph alleges, or attempts to allege facts, it is denied.

24.     So much of Paragraphs 9, 10, 11 and 12 of the Complaint as allege, or attempt to allege legal conclusions is denied for want of knowledge; the balance of said Paragraphs are denied.

25.     Each and every other allegation of the Complaint not herein specifically admitted as to this answering Defendant is denied.

## **SEVENTEENTH DEFENSE**

26.     This Defendant incorporates herein as if fully rewritten each and every affirmative defense available to it pursuant to the Federal Rules of Civil Procedure and, further, specifically reserves the right to amend its Answer should the need thereof arise.

WHEREFORE, having fully answered the Complaint, Defendant, Norfolk Southern Railway Company, demands that the Complaint against it be dismissed and that it may go hence without delay and with costs, and for all other relief to which it is entitled in the matter.

Respectfully submitted,

*/s/ James F. Brockman*
James F. Brockman (0009469)
LINDHORST & DREIDAME CO., L.P.A.
312 Walnut Street, Suite 3100
Cincinnati, OH   45202-4048
513-421-6630 Telephone
513-421-0212 Fax
jbrockman@lindhorstlaw.com
*Attorneys for Defendant,*
*Norfolk Southern Railway Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served, pursuant to Fed. R. Civ. P. 5(b)(2)(E), via the Court's CM/ECF System, which will send notice by electronic mail this 6th of March, 2023, upon the following:

D. Arthur Rabourn
D. Arthur Rabourn, LLC
312 Walnut Street, Suite 2520
Cincinnati, OH 45202
513-341-8971 Phone
513-348-1899 Facsmile
arabourn@rabournlaw.com

Howard A. Spier
Rossman Baumberger Reboso & Spier, P.A.
9155 South Dadeland Boulevard, Suite 1200
Miami, FL 33156
305-373-0708 Phone
305-577-4370 Facsimile
spier@rbrlaw.com

/s/ James F. Brockman